# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANOUCHEHR MOATAMER, | Case No. 5:26-cv-02095-RAO |
| Petitioner, | |
| v. | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| FERETI SEMAIA, | |
| Respondent. | |

Petitioner, an immigrant detainee represented by counsel, filed a verified petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"), on April 24, 2026. Dkt. No. 1 ("Pet."). On May 1, 2026, Respondent filed an answer to the Petition stating he is "not presenting an opposition argument at this time." Dkt. No. 13 at 2. Petitioner filed a reply to Respondent's answer to his Petition on May 1, 2026. *See* Dkt. No. 14. Petitioner's reply does not provide any additional arguments, rather, Petitioner requests that the Court grant the Petition and order his release forthwith. *Id.* at 1. In sum, the verified facts set forth in the Petition, the legal arguments, and the relief requested are uncontested. For the reasons set forth below, the Court GRANTS the Petition.

///

Petitioner voluntarily consented to proceed before a magistrate judge and the time for the government to withdraw consent under General Order 26-05 passed, therefore, the case is proceeding before the undersigned magistrate judge for all purposes including final disposition. *See* Dkt. Nos. 7, 9.

Petitioner is a citizen of Iran who entered the country in October 1994. *See* Pet. at 3. Petitioner and his family were paroled into the United States for public interest reasons after Petitioner cooperated in an international investigation. *Id.* Petitioner and his family applied for asylum on December 1, 1995. *Id.* On August 10, 2001, the government granted Petitioner withholding of removal under the Convention Against Torture. *Id.* Subsequently, the government placed Petitioner on an Order of Supervision ("OSUP"). *Id.* at 4.

On April 13, 2026, Petitioner was re-detained during a routine ICE check-in. *Id.* Petitioner complied with the terms of his OSUP and "has no criminal issues." *Id.* The government did not explain why Petitioner's OSUP was revoked, and the government has not provided Petitioner an opportunity to contest the revocation of his OSUP. *Id.* Thereafter, Petitioner was transferred to the Adelanto Desert View Facility where he remains.[1]

Petitioner argues, *inter alia*, that his detention violates his constitutional due process rights. *Id*. 23–25.

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). Petitioner seeks, *inter alia*, an order that he be released immediately from

---

[1] The publicly available ICE records reflect that Petitioner is currently detained by ICE at the Adelanto Desert View Facility within this District.

immigration custody.  *See* Pet. at 26–27.  As this Court (and others) have already ruled, individuals conditionally released from custody, such as noncitizens released on OSUP, have a liberty interest in their continued conditional release, which must be protected by adequate procedural safeguards.  *Sheng Kun v. Janecka, et al.*, No. ED CV 26-1280-DMG (AYP), 2026 WL 931541, at *4 (C.D. Cal. Apr. 3, 2026). Given Respondent's non-opposition (*see* C.D. Cal. L.R. 7-12), Petitioner's prior release status and the lack of any apparent change in circumstances or justification for terminating that release, and the absence of procedural safeguards accorded to Petitioner in advance of his re-detention, the Court finds that it is appropriate to grant the Petition.  *See id.*

In light of the foregoing, the Court GRANTS the Petition and orders Petitioner to be released forthwith, subject to any former conditions of release.

The Court also orders that Respondent shall not re-detain Petitioner without providing Petitioner notice and an informal interview.  Respondent shall return any confiscated property and documents to Petitioner upon his release.   Finally, Respondent shall file a status report regarding compliance with this order within five court days of its entry.

IT IS SO ORDERED.

DATED: May 4, 2026

/s/
_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE
